# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| HENRY L. KLEIN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 09-0042-CV-W-FJG |
| ) | |
| AMERIPRISE FINANCIAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is plaintiff's Motion to Compel Arbitration and Suggestions in Support. (Ex. 1 to Doc. No. 1, originally filed in Jackson County Circuit Court on or about December 31, 2008). Also pending is defendant's request for a declaratory judgment (Doc. No. 2). The parties appear to agree that arbitration of this matter is appropriate; however, they disagree as to the appropriate forum.

**I.     Background[1]**

Plaintiff Henry L. Klein was a financial adviser in the Kansas City Area office of defendant Ameriprise Financial Services, Inc. ("Ameriprise"). Ameriprise is a registered broker-dealer which distributes a wide variety of financial planning, products and services to the public through a national sales force. Ameriprise sponsored plaintiff Klein to become a financial advisor with Ameriprise. Ameriprise's sponsorship of Klein began on or about October 15, 2007, and included completion of the necessary credential forms and security registrations with the National Association of Security Dealers (NASD). On November 9,

---

[1] These facts are taken from defendant's response to the motion to compel arbitration (Doc. No. 2). Plaintiff has not indicated any challenge to the facts presented in defendant's response.

2007, Klein executed and filed with NASD a Uniform Application for Securities Industry Registration or Transfer Form U-4 ("U4") in connection with his sponsorship with Ameriprise. The U4 form signed by Klein identified NASD as the self regulatory organization ("SRO") with which he was registering. In July 2007, the SEC (Securities and Exchange Commission) had approved the consolidation of the NASD and the member regulation, enforcement and arbitration functions of the New York Stock Exchange into the Financial Industry Regulatory Authority ("FINRA").

Klein was hired as a Financial Advisor in the Overland Park, Kansas office of Ameriprise on or about March 22, 2008. In connection with his hiring, Klein executed a Financial Advisor's Agreement ("the Agreement") defining the terms of his relationship with Ameriprise as a Financial Advisor. The Agreement provided that Klein would comply with its terms, which included an Arbitration provision. Section X of the Agreement provided, in part:

>   1. You and the Company agree to arbitrate any dispute, claim or controversy that may arise between you and the Company or a customer or any other person ("Claims") unless otherwise agreed to in writing by the parties. To the extent such Claims are to be arbitrated under the rules, constitutions or by-laws of the National Association of Securities Dealers ("NASD"), as amended from time to time, they will be arbitrated in accordance with the policies and procedures established by the NASD.
>
>   2. If either the NASD declines to administer an arbitration of any Claim or the NASD rules do not allow for arbitration of any Claims the parties agree that the Claims shall be finally decided by arbitration conducted pursuant to the Commercial Dispute Resolution Procedures of the American Arbitration Association ("AAA"), and its Supplementary Rules for the Resolution of Employment disputes, as applicable. In addition, you

> and the Company specifically agree that all Claims, statutory or otherwise, which allege discrimination, including but not limited to claims of sexual harassment, shall be finally decided by arbitration pursuant to the AAA unless otherwise agreed to in writing by the parties.

See Ex. 4 to Doc. No. 2.

Klein voluntarily terminated his employment with Ameriprise on May 5, 2008. On May 22, 2008, Klein's attorney notified Ameriprise that Klein was requesting arbitration of certain employment disputes he alleged to have with Ameriprise, pursuant to Section X of the Financial Advisor's Agreement (the arbitration clause).[2] On August 12, 2008, Klein submitted a request for arbitration to AAA, identifying the Agreement as the basis for the request. Klein stated in his request that the Agreement provided for arbitration with AAA, but did not mention that disputes were to be presented to and arbitrations administered by the NASD (now FINRA) in the first instance, and only if the NASD/FINRA declined to conduct the arbitration was it to be administered by AAA. At the time he submitted the matter for arbitration to AAA Klein had not submitted the matter to FINRA and FINRA had not declined to administer the arbitration.

Ameriprise requested that Klein and AAA dismiss his request for arbitration with AAA and proceed before FINRA, because the Agreement mandated arbitration with FINRA

---

[2]Notably, these claims appear to include: fraudulent hiring practices; inappropriate tying of financial planning to sales; inappropriate requirements to obtain financial plans as "charity"; failure to pay reimbursable expenses; failure to pay all wages earned; failure to appropriately train new advisors to meet with clients; failure to deliver sold financial plans in an acceptable time period; failure to present employee benefits in a timely fashion; failure to submit federal documents needed for employment, including W4's in a timely manner; imposition of "manipulative scripts" designed primarily to increase sales; inconsistent requirements for "script" usage; and inconsistent charges for planning fees. See Doc. No. 2, Ex. 5.

3

unless FINRA declined, and FINRA had not declined. Klein declined to do so. On or about October 6, 2008, AAA terminated its proceedings because Ameriprise declined to submit to AAA's jurisdiction by paying the requested administration fee and Klein declined AAA's invitation to pay Ameriprise's administration fee.

On or about December 31, 2008, Klein commenced an action in state court against Ameriprise, seeking to compel arbitration before AAA.[3] On January 16, 2009, Ameriprise removed the action to federal court. See Doc. No. 1. On January 20, 2009, defendant filed Suggestions in Opposition to Plaintiff's Motion to Compel Arbitration and in Support of Motion for Declaratory Judgment (Doc. No. 2), requesting that the Court issue a declaratory judgment that the parties' agreement to arbitrate requires that plaintiff submit his dispute to arbitration with FINRA. Following an Order to Show Cause from this Court (Doc. No. 6), plaintiff filed suggestions in opposition to defendant's motion for declaratory judgment (Doc. No. 8) on March 20, 2009.

## II. Analysis

Defendant argues that plaintiff's motion to compel arbitration before the AAA, filed in state court, is improper, as pursuant to the contract signed by plaintiff, the AAA does not have jurisdiction to administer this arbitration unless and until the matter has been submitted to the NASD (now FINRA), and FINRA declines to administer the arbitration. In his response in opposition to defendant's motion for declaratory judgment and in support of his motion to compel arbitration (Doc. No. 8), plaintiff indicates his position that FINRA

---

[3]Notably, the state court petition is styled as a motion to compel arbitration (see Exhibit 1 to Doc. No. 1). Plaintiff has not filed a traditional petition that spells out his cause(s) of action.

4

Case 4:09-cv-00042-FJG   Document 9   Filed 03/31/09   Page 4 of 6

is not NASD. Plaintiff states that because the NASD no longer exists as a self-regulatory organization, plaintiff cannot submit his dispute to it. Plaintiff also argues that because the arbitration agreement does not contain any "successors or assigns" language, defendant should not be able to ignore that the plain language of the agreement does not provide for arbitration by FINRA. Plaintiff cites no authority for the propositions he asserts.

The Court notes that numerous other courts throughout the country have rejected plaintiff's position, and have continued to enforce NASD arbitration clauses through FINRA arbitration. See In re H & R Block Fin. Advisors, Inc., 262 S.W.3d 896, 900 (Tex. App. 2008)(finding that an arbitration clause directing the parties to proceed before the NASD was not moot due to impossibility following the consolidation of the NYSE and NASD into FINRA, given that although the organization had changed its name, FINRA continues to apply the NASD arbitration rules and procedures); In re Stanford Group Company, 273 S.W.3d 807, 810 n. 1 (Tex. App. 2008); Shammami v. Broad Street Sec., Inc., 544 F.Supp.2d 585, 586, 588 (E.D. Mich. 2008); O.N. Equity Sales Company v. Prins, 519 F.Supp.2d 1006, 1007 n.1 (D. Minn. 2007); Suschil v. Ameriprise Financial Services, Inc., 2008 WL 974045, *1, *6 (N.D. Ohio April 7, 2008)(enforcing Section X of Ameriprise's arbitration agreement, compelling arbitration under FINRA even though the agreement mentions only NASD arbitration).

Therefore, for the reasons stated above and in defendant's suggestions in opposition to plaintiff's motion to compel arbitration and in support of motion for declaratory judgment (Doc. No. 2), plaintiff's motion to compel arbitration before the AAA (Doc. No. 1) is **DENIED.** Defendant's motion for declaratory judgment (Doc. No. 2) will be **GRANTED**, as plaintiff is obligated by the terms of the parties' Arbitration Agreement to submit his dispute

5

with defendant to arbitration with FINRA, and only in the event that FINRA declines to administer the arbitration may plaintiff submit the matter to AAA.

Furthermore, as the Court's Order as to these pending motions appears to resolve all of the issues raised in this action, the Court directs the Clerk's office close this case.

**IT IS SO ORDERED.**


Dated: 03/31/09
Kansas City, Missouri

 /s/ Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

6

Case 4:09-cv-00042-FJG   Document 9   Filed 03/31/09   Page 6 of 6